United States District Court

Eastern District of California

Anthony L. Patton,

        Plaintiff,     No. Civ. S 04-1893 FCD PAN P

  vs.     Order

R. S. Johnson, et al.,

        Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action against prison officials.  The action proceeds on the September 6, 2005, amended complaint.

    Plaintiff claims his constitutional rights were violated in connection with a disciplinary determination which imposed a loss of 90 days' good time credits.  Plaintiff seeks damages.

    In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>Id</u>. The <u>Heck</u> bar applies in cases claiming due process violations in connection with prison disciplinary determinations affecting the duration of plaintiff's confinement. <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997). Plaintiff's challenge to the disciplinary determination is not cognizable under § 1983, regardless of whether he challenges the result or simply the procedures that were followed. See <u>Edwards v. Balisok</u>, 520 U.S. 641.

It appears from the pleading plaintiff may intend to allege Eighth Amendment claims based on inadequate medical care or unconstitutional conditions of confinement. A prisoner who claims his Eighth Amendment guarantee against cruel and unusual punishment has been violated by inadequate medical care must

2

1  allege that on a specific day an identified state actor with
2  individual responsibility for obtaining or providing medical care
3  knew the prisoner faced substantial risk of serious harm but
4  deliberately disregarded the risk by failing to take reasonable
5  measures resulting in avoidable persistent severe pain or
6  avoidable substantial personal injury.  A prisoner who claims the
7  conditions of his imprisonment violate the Eighth Amendment
8  prohibition against cruel and unusual punishment must allege that
9  an identified state actor denied to plaintiff some specifically
10 identified basic human need such as food, clothing, shelter,
11 medical care or safety, knowing that plaintiff thereby faced a
12 substantial risk of serious harm and disregarded that risk by
13 failing to take or cause to be taken reasonable measures to abate
14 the risk that were within his or her power.  See Farmer v.
15 Brennan, 511 U.S. 825 (1994); Helling v. McKinney, 509 U.S. 25
16 (1993).  (On the other hand, harsh and uncomfortable conditions
17 are expected; convicted prisoners are entitled only to the
18 minimal civilized measure of life's necessities and even inhumane
19 conditions, that is risks so grave even to convicted felons that
20 they are repugnant to those who have consigned the plaintiff to
21 prison, do not amount to punishment if the state actor is
22 powerless to change them or does not know of them.)
23     The amended complaint does not state a cognizable claim
24 against any defendant.  28 U.S.C. § 1915A.  The pleading is
25 dismissed with leave to amend.
26     Any second amended complaint must show the federal court has

1  jurisdiction and that plaintiff's action is brought in the right
2  place, that plaintiff is entitled to relief if plaintiff's
3  allegations are true, and must contain a request for particular
4  relief.  Plaintiff must identify as a defendant only persons who
5  personally participated in a substantial way in depriving
6  plaintiff of a federal constitutional right.  <u>Johnson v. Duffy</u>,
7  588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to
8  the deprivation of a constitutional right if he does an act,
9  participates in another's act or omits to perform an act he is
10 legally required to do that causes the alleged deprivation).  If
11 plaintiff contends he was the victim of a conspiracy, he must
12 identify the participants and allege their agreement to deprive
13 him of a specific federal constitutional right.
14    In a second amended complaint, the allegations must be set
15 forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff
16 may join multiple claims if they are all against a single
17 defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than
18 one claim based upon separate transactions or occurrences, the
19 claims must be set forth in separate paragraphs.  Fed. R. Civ. P.
20 10(b).
21    The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v.
22 County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002)
23 (noting that "nearly all of the circuits have now disapproved any
24 heightened pleading standard in cases other than those governed
25 by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth
26 rare exceptions to simplified pleading).

4

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1986).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, supra. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that the September 6, 2005, amended complaint is dismissed with leave to amend within 30 days. Failure to file an amended complaint will result in a

1 recommendation this action be dismissed for failure to state a
2 claim.  If plaintiff files an amended complaint stating a
3 cognizable claim the court will proceed with service of process
4 by the United States Marshal.
5     So ordered.
6     Dated:  December 27, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge