1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY L. PATTON,

11          Plaintiff,                    No. CIV S-04-1893 FCD EFB P

12      vs.

13   R.S. JOHNSON, et al.,

14          Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights

17   action pursuant to 42 U.S.C. § 1983.  Defendants filed an unenumerated Rule 12(b) motion to

18   dismiss on July 24, 2006, alleging that plaintiff failed to exhaust administrative remedies prior to

19   filing suit.  Fed. R. Civ. P 12(b).

20   **I.  Standards Applicable to This Motion**

21          Defendants' motion to dismiss challenges whether plaintiff has met the requirement of

22   the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available

23   administrative remedies are exhausted.  42 U.S.C. § 1997e(a).  The Ninth Circuit has held that

24   the PLRA's exhaustion requirement is not jurisdictional.  *Wyatt v. Terhune*, 315 F.3d 1108,

25   1117, n.9 (9th Cir. 2003).  Moreover, "nonexhaustion under § 1997e(a) of the PLRA does not

26   impose a pleading requirement."  *Id.* at 1119.  Rather, the Ninth Circuit held "that § 1997e(a)

1

1  creates a defense–defendants have the burden of raising and proving the absence of exhaustion."

2  *Id.*   Given the conclusion that exhaustion for purposes of the PLRA is neither a pleading

3  requirement nor a jurisdictional prerequisite, the quintessential grounds for motions under Rule

4  12(b), it would appear that the procedures under Rule 56 (not Rule 12) provide the appropriate

5  tool for addressing a prisoner's failure to meet the requirement.[1]  It is, after all, the facts

6  establishing exhaustion, not allegation of its completion in the complaint, that are being

7  challenged.  Indeed, the complaint need allege nothing about exhaustion.  Instead, it is

8  defendants' burden to present evidence proving the failure to exhaust.  However, in light of

9  *Wyatt*, under which procedural rule the issue should be raised is not clear.

10       *Wyatt* instructs that "the failure to exhaust nonjudicial remedies that are not jurisdictional

11  should be treated as a matter in abatement,[2] which is subject to an unenumerated Rule12(b)

12

13       [1]  Summary judgment procedures under Rule 56 test whether a dispute over a given fact
is genuine, and, if so, whether the dispute over that fact makes any difference to the outcome of
14  the case.  *Celotex,* 477 U.S. at 323.  This is true whether a  failure of proof is over an element to
the claim or an inability to overcome an affirmative defense once the defendant has presented
15  evidence establishing that defense.  "There can be no genuine issue as to any material fact where
there is a complete failure of proof as to an essential element of the nonmoving party's case
16  because all other facts are thereby rendered immaterial."  *Id.*  Thus, of particular relevance here,
if a claim is barred due to a failure to exhaust administrative remedies, all other facts are
17  rendered immaterial and the court must dismiss.  The dismissal, however, follows the application
of the procedural mechanics of Rule 56 to determine whether the opposing party's evidence is
18  adequate to establish a genuine factual dispute.  Where those procedures result in the conclusion
that the plaintiff cannot prove his factual allegations refuting the evidence of failure to exhaust,
19  the dispute is not genuine and the complaint must be dismissed.  The principle is hardly novel.  It
applies whenever a material fact affects the outcome, whether it is on technical grounds such as
20  exhaustion, the unexcused delay beyond an expiration of a statute of limitations, a lack of
standing based on fact specific reasons, etc., or on the merits due to an inability to establish an
21  element of the underlying claim.

22       [2]  A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated
to the merits of the claim."  *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  It has its
23  roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c).  Rule 7 of the
Federal Rules of Civil Procedure "unceremoniously abolishes a great deal of ancient procedural
24  dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R.
Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement.  *Black's*
25  *Law Dictionary* 4 (6th ed. 1990).  The "plea in abatement" is an archaic common law "plea
which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.
26  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume
to answer an action on its merits, or deny existence of a particular cause of action on which

1    motion rather than a motion for summary judgment." *Wyatt*, 315 F.3d at 1119.  The *Wyatt*

2    opinion observes that summary judgment is ordinarily judgment "on the merits."  *Id*.  However,

3    as noted, the standards under Rule 56 are used when a Rule 12 motion seeks to establish facts by

4    materials extrinsic to the complaint.  Thus, *Wyatt* is clear that regardless of nomenclature, a

5    motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a

6    motion in which defendant must raise and prove by evidence the absence of exhaustion.  *Id.*  In

7    this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the

8    district court looks beyond the pleadings to a factual record in deciding the exhaustion motion, it

9    necessarily does so under "a procedure closely analogous to summary judgment."  *Id*., n.14.

10          Resort to the procedural safeguards of Rule 56 is for sound reason.  Where the issue in

11    dispute is one of fact (did, or did not, plaintiff perform the acts required to exhaust available

12    remedies?) it is well established that regardless of whether a genuine factual dispute is over an

13    element of a cause of action (i.e., an issue going to the merits of the claim), or over an

14    affirmative defense such as a statute of limitations or exhaustion, the court may not weigh and

15    resolve credibility on paper.  *United States v. Two Tracts of Land in Cascade County, Mont*., 5

16    F.3d 1360, 1362 (9th Cir. 1993) (determination that affidavit on summary judgment motion

17    lacked credibility was improper prior to live testimony at trial); *Buffalo v. Sunn*, 854 F.2d 1158,

18    1166 (9th Cir. 1988) (conflicting affidavits over cause for meeting a deadline warrant live

19    testimony).

20    ////

21    _____

22    plaintiff relies."  *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes
      to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule."
23    Thus, for example, the Revision Notes to 28 U.S.C.A. § 2105 (West 2006), which prohibits
      reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme
24    Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure
      abolished all pleas, and the rules adopted the motion as a substitute therefor.  The words 'matters
25    in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the
      jurisdiction.'"  Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate,
26    instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990)
      ("abatement of action," and "plea in abatement).

1   For this reason, courts utilize the procedures of Rule 56 to determine if there is a genuine dispute

2   over an issue that is material to the outcome.[3]  Likewise, the court must recognize the command

3   in Rule 12(b) that where matters extrinsic to the complaint are submitted with a motion brought

4   under that Rule, the motion must be converted to a motion for summary judgment.  The panel's

5   opinion in *Wyatt* expressly accounts for this, recognizing that "if the district court looks beyond

6   the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust--a

7   procedure closely analogous to summary judgment--then the court must assure that [the non-

8   moving party] has fair notice of his opportunity to develop a record."  *Wyatt*, 315 F.3d at 1120,

9   n.14.

10      Here, defendants' motion necessarily requires the court to consider the affidavits and

11   exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court

12   will follow the analogous procedures of Rule 56 to address this motion and its supporting

13   affidavit and exhibits.  Those standards are well established.

14   **II.  Rule 56 Standards**

15      Summary judgment is appropriate when there is no genuine issue of material fact and the

16   movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

17   *Catrett*, 477 U.S. 317, 322 (1986).[4]  As explained by the Ninth Circuit, the utility of Rule 56 to

18

19      [3] A similar approach is utilized over challenges to jurisdictional facts. A district court
    may take evidence and make findings of fact necessary to rule on the subject matter jurisdiction

20   question prior to trial if the jurisdictional facts are not intertwined with the merits. *Augustine* v.
    *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "[I]f the jurisdictional issue and substantive

21   claims are so intertwined that resolution of the jurisdictional question is dependent on factual
    issues going to the merits, the district court should employ the standard applicable to a motion

22   for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the
    material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a

23   matter of law. Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier
    of fact." *Rosales* 824 F.2d at 803 (citing *Augustine,* 704 F.2d at 1077).

24      [4] On October 5, 2004, the court expressly informed plaintiff of the requirements for
    opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v.*

25   *Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and
    *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at

26   1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure

1    screen which cases actually require resolution of disputed facts over material issues (through

2    presentation of testimony and evidence at trial) has been clarified and enhanced.

3                    In three recent cases, the Supreme Court, by clarifying what the
                  non-moving party must do to withstand a motion for summary
4                 judgment, has increased the utility of summary judgment. First, the
                  Court has made clear that if the non-moving party will bear the
5                 burden of proof at trial as to an element essential to its case, and
                  that party fails to make a showing sufficient to establish a genuine
6                 dispute of fact with respect to the existence of that element, then
                  summary judgment is appropriate. *See Celotex Corp. v. Catrett*,
7                 477 U.S. 317 (1986).  Second, to withstand a motion for summary
                  judgment, the non-moving party must show that there are "genuine
8                 factual issues that properly can be resolved only by a finder of fact
                  because they may reasonably be resolved in favor of either party."
9                 *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis
                  added).  Finally, if the factual context makes the non-moving
10                party's claim implausible, that party must come forward with more
                  persuasive evidence than would otherwise be necessary to show
11                that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co.
                  v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be
12                argued that *any disagreement* about a material issue of fact
                  precludes the use of summary judgment.

13

14   *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert.*

15   *denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no

16   "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to

17   establish the existence of an element essential to that party's case, and on which that party will

18   bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236,

19   239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

20   **III.  Plaintiff's Alleged Failure to Exhaust**

21        A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he

22   has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  This requirement is

23   mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  A prisoner seeking leave to proceed *in*

24   *forma pauperis* in an action challenging the conditions of his confinement brings an action for

25

26   to exhaust motion that is supported by affidavits or declarations and exhibits.

5

1   purposes of 42 U.S.C. § 1997e when he submits his complaint to the court.  *Vaden v.*

2   *Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available

3   administrative remedies before filing any papers in federal court and the prisoner is not entitled

4   to a stay of judicial proceedings in order to exhaust.  *Id.* at 1051;  *McKinney v. Carey*, 311 F.3d

5   1198 (9th Cir. 2002).  Defendant has the burden of proving that plaintiff did not exhaust.  *Brown*

6   *v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

7          California prisoners may appeal "any departmental decision, action, condition, or policy

8   which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit.

9   15, § 3084.1(a).  The regulations require the use of specific forms but contain no guidelines for

10  grievance content.  *Id*., at §§ 3084.2, 3085.  Prisoners ordinarily must present their allegations on

11  one informal and three formal levels of review, although the informal and the first formal levels

12  may be bypassed.  *Id*., at § 3084.5.  A division head reviews appeals on the first formal level, *see*

13  *id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot

14  resolve it), and the warden or a designee thereof reviews appeals on the second formal level.  *See*

15  *Id.*, at § 3084.5(e)(1).  Generally, completion of the third level, the Director's Level of Review,

16  exhausts the remedy.  *Id.*, at § 3084.1(a).

17  **IV.  Summary of Facts**[5]

18         Plaintiff is an inmate in the custody of the California Department of Corrections and

19  Rehabilitation (CDCR) and is currently incarcerated at the California State Prison in Corcoran,

20  California.  In his second amended complaint, filed February 2, 2006, plaintiff claims that

21  defendants, who are CDCR employees at High Desert State Prison, subjected him to ten days of

22  punitive housing status in which he was deprived of water, waste disposal, and ventilation for

23  four of those days.  Second Amended Complaint (Compl.), p. 3(a), ¶ 2.  Plaintiff alleges that on

24  or about June 16, 2004, defendant Epperson ignored plaintiff's requests for assistance with

25

26         [5] The facts are taken from defendants' July 24, 2006, motion to dismiss.

1  serious health hazards from the living conditions.  *Id*., at ¶¶ 3-6.  Plaintiff contends that on or

2  about June 18, 2004, he informed Defendant Harwood of his medical condition but was told to

3  re-submit a medical request.  *Id.*, at ¶¶ 7-8.  Plaintiff alleges that on June 28, 2004, he was issued

4  a false CDC-Rule Violation Report (RVR), which was approved by Defendant Van Leer, in

5  retaliation for his complaints about the living conditions.  *Id*., at ¶ 11.  Plaintiff contends that

6  Defendant Peddicord, as the hearing officer for the RVR, forced him to waive his right to reports

7  regarding the RVR, forced him to waive his right to have 24 hours to prepare for his RVR

8  hearing, and found him guilty of the RVR in retaliation for his complaints about the living

9  conditions.  *Id*., at ¶¶ 11-12.  Plaintiff further contends that Defendants Logan, Harwood, and

10  Masterson altered medical records to cover-up the purported civil rights violations.  Complt., p.

11  3(d), at ¶ 15.

12     Defendants argue that plaintiff has not brought a CDC 602 appeal at the first or second

13  levels of review against any of the defendants for any of the alleged violations identified in his

14  Second Amended Complaint.  Defs.' Mot. to Dism., Ex. A, Babich Dec., at ¶¶ 4-5.  Defendants

15  also argue that plaintiff has not brought a CDC 602 to the Director's level for these allegations.

16  *Id.*, Ex. B, Emigh Dec., at ¶ 9.

17  **V.  Analysis**

18     The record shows that plaintiff filed a CDC grievance form 602 appeal on June 30, 2004,

19  containing the claims presented in the Second Amended Complaint.  That appeal was denied at

20  the informal level on July 21, 2004.  Plaintiff filed a second 602 appeal on July 20, 2004, in

21  which he complained that, at a hearing on a rules violation report, defendant Peddicord abused

22  his authority.  That appeal was denied at the informal level on August 30, 2004.  Plaintiff

23  abandoned his appeal after the informal level.  He therefore did not exhaust his appeal prior to

24  filing suit.  As the exhaustion requirement is mandatory, *see Booth*, 532 U.S. at 741, the proper

25  remedy is dismissal of plaintiff's claim without prejudice.  *See Ritza v. Int'l Longshoremen's &*

26  *Warehousemen's Union*, 837 F.2d 365 at 368, n. 3 (9th Cir. 1988)(per curiam).

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Defendants' July 24, 2006, motion to dismiss for failure to exhaust administrative

3    remedies be granted; and

4    2.  The Clerk be directed to close this case.

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

10    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

11    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12    Dated:   August 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26